```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

| | |
|---|---|
| **ALLIED INSURANCE COMPANY,**<br><br>               **Plaintiff,**<br><br>     v.<br><br>**BRIAN M. BACH; DONALD BACH;<br>CAM GOLF, INC.; and ACUSHNET<br>COMPANY,**<br><br>               **Defendants.** | |
| **CAM GOLF, INC.; DONALD BACH;<br>and BRIAN M. BACH,**<br><br>**Defendants/Counter-Plaintiffs,**<br><br>     v.<br><br>**ALLIED INSURANCE,**<br><br>  **Plaintiff/Counter-Defendant.** | **Case No. 05 C 5945**<br><br>**Hon. Harry D. Leinenweber** |
| **CAM GOLF, INC.; DONALD BACH;<br>and BRIAN M. BACH,**<br><br>        **Counter-Plaintiffs,**<br><br>     v.<br><br>**ALLIED INSURANCE COMPANY;<br>FABER BROTHERS, INC.; and<br>G.I. JOE'S, INC.**<br><br>        **Counter-Defendants.** | |

## MEMORANDUM OPINION AND ORDER

The Plaintiff, Allied Insurance Co. (hereinafter, "Allied"), issued an insurance policy to the Defendant, Cam Golf, Inc., that

provided defense to certain defined advertising injuries which are not excluded from coverage. The policy defines "Advertising Injuries" to include "infringement upon another's copyright, trade dress or slogan in your 'advertisement.'" Excluded from coverage are advertising injuries "[c]aused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.'"

## I. BACKGROUND

The Defendants are defendant parties in a lawsuit filed in this court by Acushnet Company entitled *Acushnet Company v. Cam Golf, Inc., et al.*, No. 05 C 3166 (the "Acushnet lawsuit"). Essentially, this suit charges Cam (and the other defendants) with marketing counterfeit golf balls, specifically Acushnet's well known Titlest Pro VI golf ball. More specifically it charges Cam with "wilfully and intentional violation of Acushnet's marks." The Complaint alleges eight counts: (1) federal trademark infringement; (2) federal trademark infringement based on false designation of origin; (3) federal anti-dilution of a famous trademark; (4) Illinois unfair competition; (5) Illinois deceptive trade practice violation; (6) Illinois consumer fraudulent practice; (7) Illinois anti-dilution of a famous trademark; and (8) copyright infringement.

Allied filed this suit seeking a declaratory judgment that it has no duty to defend the Defendants because the policy exclusion

for willful or knowing acts eliminates the obligation. It points out that the Complaint charges Defendants with willful and intentional violation of Acushnet trademarks and trade dress by marketing counterfeit golf balls. Thus, since the Complaint charges willful and knowing acts, there is no duty to defend. Allied has filed a Motion for Judgment on the Pleadings.

Cam Golf (hereinafter, "Cam"), in addition to defending against Allied's claim for declaratory judgment has filed a Counterclaim against Allied seeking a declaration that Allied has a duty to defend it in the Acushnet lawsuit. It also seeks money damages based on an alleged conflict of interest for failure to provide it with independent counsel and for failure to reimburse Cam for its attorney fees incurred in defending itself. Cam has filed a Motion for Summary Judgment on the issue of duty to defend.

## II. DISCUSSION

Both parties agree that interpretation of the terms of an insurance policy is for the Court. *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill.2d 90, 108 (1993). The Court does so by giving the policy provisions their plain, ordinary and popular meaning. However, ambiguous provisions are to be construed in favor of the insured. *Outboard Marine*, 154 Ill.2d at 115. The duty to defend is determined by comparing the allegations in the underlying lawsuit to the relevant provisions of the insurance policy. *Outboard Marine*, 154 Ill. 2d at 108-109. It is the nature

of the claim not the actual facts underlying the claim that is used in the comparison. *U.S. Gypsum Co. v. Admiral Ins. Co.*, 268 Ill.App.3d 598, 624 (1st Dist. 1995). However, the duty to defend is broader than the duty to indemnify. *Outboard Marine*, 154 Ill.2d at 90. If the allegations are potentially within the policy coverage the insured is obligated to defend even if the complaint alleges several theories, only one of which would be within the policy coverage. *U. S. Fidelity & Guar. Co. v. Wilkin Insulation Co.*, 144 Ill.2d 64, 73 (1991).

The gravamen of Allied's motion is that the complaint clearly charges defendants with willful and intentional violations of Acushnet's marks. It is clear that if those are the facts there is no duty to indemnify. However, the Lanham Act provides a cause of action for any violation of a copyright by marketing counterfeit goods regardless of intent or knowledge. *See* 15 U.S.C. § 1114 (1)(a). The issue of willfulness is limited to the issue of damages. Likewise, a claim for damages based on unfair competition under 15 U.S.C. § 1125(A) does not require intent for a plaintiff to prevail. Assume that the case goes to trial and the trial court believes that there is no evidence of knowledge or intent on the part of the defendant, based on the pleadings in this case the court would not direct a verdict since the evidence may very well demonstrate a violation of Sections 1114 and/or 1125.

Allied makes one more argument that there is no duty to defend: based on a non-conforming goods exclusion. It argues that since the counterfeit golf balls were inferior to the Acushnet ball they were non-conforming. However, this exclusion is obviously intended to protect Allied from claims from customers who purchase the inferior golf balls and not from intellectual property claims.

### III.  CONCLUSION

For the reasons stated herein, the Court denies Allied's Motion for Judgment on the Pleadings and grants Defendants' Motion for Summary Judgment on the Issue of Duty to Defend.

The Court therefore declares that Allied has the duty to defend Defendants in the case of *Acushnet Company v. Cam Golf, Inc.*, Case No. 05 C 3166, under policy of insurance entitled *Premier Business Owners Policy No. ACP BPW 7101458964*, effective January 5, 2004 to January 5, 2005, and renewed January 5, 2006, with limits of $1,000,000 per occurrence and per person or organization in advertising injury.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　United States District Court

**DATE:** February 27, 2007